## Ludwig *against* Meyre.

The nominal plaintiff in a suit brought for the use of another, who had assigned the cause of action before suit brought, is an incompetent witness to rebut a defence to the original cause of action, unless he be first released by the assignee from the implied warranty which arises in all cases of assignment for a valuable consideration, that the debt is due.

In an action on the case against a common carrier for not delivering goods according to consignment, the value of the goods sent is the lowest measure of damages.

In such action a previous demand of the goods is not necessary to the plaintiff's right to recover.

ERROR to the Common Pleas of *Berks* county.

The facts of the case and points are fully stated in the opinion of this court.

*Davis*, for plaintiff in error, argued that the assignment of the claim was an implied warranty that the debt was due, and therefore the witness was interested until he was released from it; which he was not by the one in evidence.  5 *Whart.* 446; 2 *Watts* 121; 8 *Watts* 46; 5 *Watts* 80; 3 *Watts & Serg.* 55; 9 *Watts* 183.

*Strong*, contra, contended that the witness had disposed of all interest before the institution of the suit, and that the release in evidence discharged him from any supposed liability on his implied warranty.  1 *Rawle* 433; 3 *Binn.* 306.

The opinion of the Court was delivered by

KENNEDY, J.—This suit was brought in the name of J. Henry Meyre for the use of Augustus H. Raiguel against the plaintiff in error, Jacob D. Ludwig, to recover the value of 300 dozen of black cotton wadding, and the like quantity of white cotton wadding, which, as the plaintiff alleged, the defendant below undertook to carry from the borough of Reading, in that county, to the city of Philadelphia, and deliver the same to Elisha Wells and William Raiguel: but instead of delivering the wadding to these last-named persons, delivered it to Charles A. and John G. Replier, of the city of Philadelphia, who disposed of and converted the same to their own use.  On the trial of the cause in the court below, J. Henry Meyre, the nominal plaintiff at least, if not the real one, was offered as a witness on behalf of the plaintiff below, after it had been shown that he had, on the 22d of May 1837, made by deed an assignment of all his property and effects to

Augustus H. Raiguel, the *cestui que use* in this suit, in trust for the benefit of his creditors; and that previously he had transferred the claim sued for here to Augustus H. Raiguel by parol, without its being shown, however, particularly for what purpose, or upon what terms, further than that Meyre was indebted to Augustus H. Raiguel, at the time, in a sum exceeding the amount of the claim so assigned; but whether the claim was transferred as a collateral security for the payment of the debt *so owing,* or in payment of the same, either in part or in whole, did not appear; and likewise after the release had been shown from A. H. Raiguel, under his hand and seal, dated the 9th of January 1843, to Meyre, in these words; "For and in consideration of the sum of one dollar, to me in hand paid by Henry Meyre, the receipt whereof is hereby acknowledged, I do hereby release and discharge the said Henry Meyre, his heirs and assigns, from all and every liability to me in the above action, and from payment of all moneys due, or which may become due to me in the same, on account of the assignment of the claim in the above action from Henry Meyre to me, express or implied." The defendant below objected to the competency of J. Henry Meyre as a witness, but the court overruled the objection, to which opinion of the court the defendant excepted. This exception forms the first error assigned.

It appears from the record that J. Henry Meyre was the plaintiff in the court below, and a party to the contract for a breach of which, as it is alleged, the suit was instituted; he therefore appears to be not only a party to the suit as plaintiff, but directly interested in the event of the suit, unless what has been mentioned proved clearly that he had devested himself of all interest whatever in the result. But it does not appear upon what terms and conditions he did assign his claim, for which this suit is brought, to the *cestui que use;* if he assigned it merely as a collateral security for the payment of a debt which he owed the *cestui que use,* he has then a direct interest in favour of its being recovered, as it would discharge him from his liability to pay the debt for which it was assigned; or even if he assigned it and it was taken in payment of the debt, he would still be interested, so far as to show that the claim was well founded, and had a real existence; for an implied warranty to this effect arises out of every assignment of the kind, unless there be an express stipulation to the contrary, though it does not extend to the solvency of the party against whom the claimed assignment exists. To make the assignor a witness for the assignee, in this latter case, a release from the assignee to the assignor, discharging the latter from his warranty, would be requisite. A release, it is true, was given in this case by the assignee to the assignor, but it does not seem to apply to or to embrace such warranty as is here spoken of; and, indeed, from the terms of it, it is difficult to say what was intended

[Ludwig v. Meyre.]

to be released by it. Neither can it be supposed that the assignment was made here for a mere nominal consideration, out of motives of friendship or regard, so as to repel the implication of such warranty, because the assignor, appears to have been insolvent at the time, and therefore unable to make the assignment, grounded upon such a consideration, without defrauding his creditors, which cannot and ought not to be presumed. We therefore think that J. Henry Meyre was not a competent witness to support the claim against the defendant below, and that the court erred in receiving his evidence.

The second error assigned is, that the court erred in charging the jury that the value of the goods was the lowest standard of damages to which the plaintiff was entitled, if they should believe that Meyre directed the carter to leave the goods with Wells and Raiguel. Of the correctness of this instruction, it seems impossible almost to doubt. It was claimed, on the part of the defendant, that Meyre was indebted to the Repliers, to whom the wadding was actually delivered by the wagoner of the defendant, in a sum of money exceeding the value of the wadding, for which they had given Meyre a credit in their account against him; and although delivered to the Repliers contrary to the order and direction of Meyre, yet the jury, as Meyre had got credit with the Repliers for the value of the wadding, ought therefore to give, at most, only nominal damages, if they found in favour of the plaintiffs. Even admitting that Meyre was so indebted to the Repliers, and that they have credited him with the value of the wadding, the principle contended for by the counsel of the defendant below would be, in effect, to take from the debtor the privilege or right that he has of disposing of his property and applying it to the payment of such debts as he pleases, unless restrained by legal power or a bankrupt law. There is not, therefore, the least shadow of a foundation for this error to rest on.

The third error is, that the court charged the jury that it was not necessary that a demand of the goods should have been made, by the plaintiff below, of the Repliers, or from the defendant, before the institution of this action, in order to enable him to maintain it. This direction of the court to the jury was in answer to a point made by the counsel of the defendant below, and insisted on, that such a demand ought to have been made to entitle the plaintiff to maintain his suit. There is no more ground for this error to stand on than the last. The action is founded on a breach of promise alleged to have been committed by the defendant in not delivering the wadding or goods to Wells and Raiguel, as he had undertaken to do, so that it was sufficient for the plaintiff below, to entitle him to sustain his action, to prove the promise alleged, and a breach of it, by showing that the goods had not been delivered according to the promise.

[Ludwig v. Meyre.]

There are two remaining errors which have still less in them, if possible, than the two errors last noticed, so that it would seem unnecessary, if not a waste of time, to repeat and take further notice of them.

Judgment reversed, and a *venire facias de novo* awarded.